# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

KARANDA SHEAD,

    Plaintiff,

v.       No.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

Plaintiff Karanda Shead files this Complaint against the United States of America ("Defendant", "United States" or "government") for the acts of certain employees and/or agents of the Memphis Veterans Affairs Medical Center in Memphis, Tennessee ("VA", "VA Hospital", "VA Medical Center", or "hospital"), and in support would show as follows:

## I. PARTIES

1. Plaintiff Karanda Shead was at all times relevant to this action a resident of Holly Springs, Marshall County, Mississippi, and a citizen of the United States of America. The actions and inactions complained of herein occurred while Plaintiff was a patient at the Memphis Veterans Affairs Medical Center in Memphis, Shelby County, Tennessee.

2. Defendant United States of America is before this Court to answer for the negligent acts of the doctors, nurses, employees, staff, and/or agents at the Memphis Veterans Affairs Medical Center in Memphis, Tennessee. The VA Hospital/VA Medical Center is operated by the Department of Veterans Affairs, which is a department of Defendant United States. All doctors, nurses, and other healthcare providers that treated Plaintiff in the hospital and during visits to

affiliated clinics and departments of the VA Hospital/VA Medical Center were employees of Defendant United States of America acting in the course and scope of such employment at all relevant times. Alternatively, certain healthcare providers were agents of Defendant United States of America, whether actual and/or apparent, and were acting in the course and scope of such agency at all relevant times. As such, the government is liable for any negligent act of these individuals. The United States may be served by serving the United States Attorney for the Western District of Tennessee and the Attorney General of the United States.

## II.  JURISDICTION AND VENUE

3. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., which removes governmental immunity under the facts and circumstances of this case. This case arises out of the medical care and treatment of Plaintiff by the doctors, nurses, employees, staff, and/or agents at the VA Hospital in Memphis. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1346, and venue is proper because all or part of this cause of action occurred in this judicial district.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Pursuant to 28 U.S.C. § 2401 and 28 U.S.C. § 2675, a claim was timely filed with the Department of Veterans Affairs, and Plaintiff provided said agency with ample material to evaluate this claim. More than six months have passed since the filing of the administrative claim and the Department of Veterans Affairs has not rejected the claim but has also not made any effort to resolve the claim. Accordingly, the failure of the agency to make a final disposition within six months is deemed a final denial and allows Plaintiff to move forward with her claim in this Court. Plaintiff has thus exhausted administrative remedies, and the filing of this Complaint is timely.

## IV. NOTICE AND CERTIFICATE OF GOOD FAITH REQUIREMENTS

5. Plaintiff provided the government with timely notice of this federal tort claim by timely filing a formal administrative claim under applicable law. While Plaintiff does not believe that any additional notice was necessary, Plaintiff nonetheless complied with the notice requirements outlined in Tenn. Code Ann. § 29-26-121, and as such, this Complaint is timely filed. Moreover, counsel for Plaintiff is filing a Certificate of Good Faith pursuant to Tenn. Code Ann. § 29-26-122 contemporaneously with this Complaint, confirming that the undersigned has consulted with a competent expert who believes that there is a good-faith basis to pursue the claims asserted in this Complaint.

## V. FACTS

6. The allegations contained in the previous paragraphs are incorporated herein by reference as if restated verbatim.

7. Plaintiff was diagnosed with multiple sclerosis ("MS") in approximately 2008.

8. Ms. Shead's MS was initially treated with medication, namely Tysabri, that controlled her MS symptoms. Plaintiff's MS was treated by a neurologist named Dr. Michael Levin for a number of years at the VA Hospital and Plaintiff was pleased with the care she received from Dr. Levin.

9. At some point prior to June of 2019, Dr. Levin left the VA Hospital and Plaintiff was assigned a new neurologist by name of Dr. Susan Kim.

10. In June 2019, Ms. Shead presented to the VA Medical Center and was seen by Dr. Kim, who diagnosed Plaintiff with Neuromyelitis Optica Spectrum Disorder ("NMOSD") instead of MS and discontinued Ms. Shead's Tysabri. Dr. Kim changed the diagnosis that Dr. Levin had made despite the fact that Ms. Shead did not have antibodies in her system consistent with having NMOSD and despite the fact that Ms. Shead was doing well with the treatment course initiated by

Dr. Levin. Plaintiff asserts that Dr. Kim violated the applicable standard of care and was negligent when she diagnosed her with NMOSD and changed her medication regimen.

11. On December 2, 2019, Ms. Shead presented to the emergency room at the VA Medical Center with a complaint of vision change. She also had experienced headaches and tingling for two weeks. A CT showed acute infarct in the right temporal lobe. A CTA showed possible occlusion of the right posterior S3 segment v. congenital small vessel. She received a stroke work-up.

12. An MRI of the head showed a new abnormal right temporal lobe enhancement involving a large portion of the hippocampus and amydala without surrounding new T2/FLAIR signaling hyperintensity without the right temporal white matter.

13. Neurology was consulted and they believed the lesion and episode were the result of a flare of NMOSD. Ms. Shead had been off her previous Tysabri treatment for five months and had never been started on Rituximab for the treatment of her misdiagnosed NMOSD.

14. On January 5, 2020, Ms. Shead had an MRI of her brain that showed a new 9 x 8 mm. focus of enhancement at left cerebellopontine angle mild associated T2/FLAIR hyperintensive suggesting active plaque. It also showed redemonstrated scattered non-specific white mater foci of increased FLAIR signal without associated enhancement of restricted diffusion in a patient with known MS.

15. Ms. Shead presented to the VA Medical Center emergency room on January 6, 2020, with complaints of left sided facial weakness and three instances of bilateral lower extremity weakness. It was noted that her NMOSD antibodies were negative to date, which indicated that she did not have and never had NMOSD. She was discharged on January 10, 2020, and was told to follow up with Dr. Mohammad Assaf at St. Francis Hospital.

16. On January 28, 2020, Ms. Shead was seen by Dr. Assaf. Ms. Shead reported daily headaches and slightly improved vision. She was prescribed Diamox 25 mg. qd.

17. On February 11, 2020, Ms. Shead followed up with Dr. Assaf. She reported she was having pain all over. He ordered a CBC with diff, CMP and Hep B labs. He also ordered Octevus.

18. Ms. Shead presented to the St. Francis Hospital emergency room on February 20, 2020, with complaints that her entire body was numb and that her new mediation was not working. She was given IV Prednisone and discharged with home prescriptions for Prednisone and Gabapentin. Her discharge diagnosis was MS (not NMOSD) and she was to follow up with Dr. Asaaf.

19. On March 26, 2020, Ms. Shead presented to the VA Medical Center emergency room with complaints of facial numbness and difficulty ambulating. She was requiring a cane due to generalized weakness. She was started on IV Prednisone.

20. Ms. Shead was seen by Dr. Martinez at Regional One Health on May 20, 2020, for established care for the management of relapsing MS. Dr. Martinez's diagnosis was MS and not NMOSD. Dr. Martinez said that the findings were consistent with relapsing MS, especially the lesions that were seen on her MRI. It was also noted that her NMOSD tests were again negative. Dr. Martinez advised that Ocrevus infusions should be reestablished.

21. Agents of the VA misdiagnosed Ms. Shead with a condition she did not have and then discontinued a plan of treatment that had previously been successful for treating a condition that she did have. After she started to experience adverse effects of being taken off her medication for MS, agents of the VA then continued to treat her for a condition that she did not have as opposed to recognizing their mistake and resuming her treatment for her MS, causing her significant pain and suffering and permanent impairment.

22. Dr. Susan Kim breached the standard of care by taking Ms. Shead off of her MS maintenance medication and misdiagnosed Ms. Shead with NMOSD.

23. As a result of the negligence of her healthcare providers at the VA Medical Center, Plaintiff has unnecessarily experienced excruciating pain and suffering, loss of earnings, loss of enjoyment of life, and mental anguish.

24. The standard of care required that the VA Medical Center doctors and staff properly treat Ms. Shead's condition and it was inexcusable for Dr. Kim to go against what Dr. Levin had done for a number of years, especially when Dr. Levin's treatment plan was working.  Dr. Levin is an expert in the treatment of MS and yet, Dr. Kim chose to disregard his diagnosis of MS and discontinue his treatment plan for this patient.

25. The deviations of Defendant's agent healthcare providers were the proximate cause of Plaintiff's injuries and damages.

26. It was foreseeable that Plaintiff would sustain and continue to experience serious injuries as a result of the Defendant's agents' and employees' negligence.

## VI. NEGLIGENCE AND MEDICAL MALPRACTICE/HEALTHCARE LIABILITY ACTION

27. The allegations contained in the previous paragraphs are incorporated herein by reference as if restated verbatim.

28. At all times relevant to this action, Defendant's nurses, doctors, healthcare providers, employees, staff, and/or agents were acting within the course and scope of their employment with the government.

29. The staff at the VA Medical Center owed a duty to comply with the applicable standard of professional practice in Memphis, Shelby County, Tennessee from the summer of 2019 through the spring of 2020.  As such, the VA Medical Center and its staff owed Plaintiff a duty to

provide timely and appropriate medical care and treatment and Defendant, through its agents, breached that duty.

30. The VA Medical Center failed to implement a system to ensure proper treatment of patients like Plaintiff and failed to implement a system to provide for proper and timely intervention in the event of symptoms and medical conditions such as those experienced by Plaintiff.

31. The VA Medical Center failed to properly train and supervise its staff and these failures resulted in the injuries suffered by Plaintiff.

32. The nursing staff and doctors at the VA Medical Center had a duty to appropriately examine and monitor Plaintiff regularly and to understand that her symptoms as described herein were symptoms of her previously diagnosed MS.  As such, the standard of care required the VA Medical Center doctors and nursing staff to continuously monitor Plaintiff and order the appropriate tests, and to intervene with appropriate treatment to protect her from harm, and Plaintiff was entitled to trust and rely upon these providers to do so.

33. Moreover, these agents of the government had a duty to investigate why Plaintiff continually experienced pain, vision loss, numbness, and weakness.

34. The VA Medical Center, through its employees and agents had a duty to exercise reasonable care in the treatment of Plaintiff.  Such duty was violated, which was the proximate cause and cause in fact of Plaintiff's injuries.

35. Defendant's failure, through its agents and employees, to comply with the recognized standard of acceptable professional practice proximately caused Plaintiff's injuries.

36. Plaintiff would show that Defendant, through its employees and agents, failed to adhere to the applicable standard of care in Memphis, Shelby County, Tennessee and was guilty of negligent acts, including, but not limited to:

a. Failing to regularly and fully examine and treat Plaintiff;

b. Failing to provide consistent care to Plaintiff by providers familiar with her situation;

c. Failing to investigate and treat the underlying cause of Plaintiff's pain, vision loss, numbness, and weakness;

d. Incorrectly diagnosing Plaintiff with NMOSD and then failing to treat her MS;

e. Failing to act with ordinary and reasonable care in accordance with the recognized standard of professional practice;

f. Failing to interpret tests that showed that the diagnosis of NMOSD was incorrect;

g. Failing to order proper and timely consults, imaging studies and other tests for this patient to ensure that the correct diagnosis was being made especially after Plaintiff had been successfully treated for MS by a recognized expert in this field for a number of years;

h. Failing to adhere to standing orders, policies, and/or procedures; and

i. Otherwise failing to provide timely and appropriate care to this patient.

37. Plaintiff alleges that the foregoing acts of negligence were the direct and proximate cause of her injuries complained of herein, and Plaintiff would not have suffered nor continue to suffer such injuries had the VA Medical Center through its employees and/or agents not deviated from the acceptable standard of care that existed in Memphis, Shelby County, Tennessee or a similar community from the summer of 2019 through the spring of 2020.

38. Plaintiff alleges that her injuries were the foreseeable consequence of the negligence of the VA Medical Center and its employees and agents, including, but not limited to, the specific acts of negligence alleged herein.

39. As a direct and proximate result of the government's negligence, Plaintiff suffered harm she would not otherwise have suffered including, but not limited to, past and future pain and suffering, lost wages, loss of past and future earning capacity, emotional distress, permanent disability, past and future medical and health care expenses, other out of pocket expenses and loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

a. That proper process be issued and served upon Defendant United States of America, and that it be required to appear and answer this Complaint within the time required by law;

b. That Plaintiff be awarded a judgment in the amount of $1,500,000 (or the maximum amount allowed under applicable law if such amount is less than $1,500,000) for compensatory damages for all personal injuries incurred, to include but not be limited to medical expenses, lost wages, loss of past and future earning capacity, other out of pocket expenses, pain, suffering and mental anguish of Plaintiff, as a direct and proximate result of Defendant's negligence;

c. That Plaintiff be awarded all available damages under applicable law; and,

d. That Plaintiff be awarded such other and further relief to which she is entitled.

        Respectfully submitted,

     /s/ Jeffrey S. Rosenblum
Jeffrey S. Rosenblum (#13626)
Matthew T. May (#25547)
ROSENBLUM & REISMAN, P.C.
6070 Poplar Avenue, Suite 550
Memphis, Tennessee 38119
(901) 527-9600
jeffr@randrfirm.com
matt@randrfirm.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

KARANDA SHEAD,

    Plaintiff,

v.                                                                          No.

UNITED STATES OF AMERICA,

    Defendant.

---

## CERTIFICATE OF GOOD FAITH
### Medical Malpractice Case/Healthcare Liability
### PLAINTIFF'S FORM

---

A.    In accordance with T.C.A. §29-26-122, I hereby state the following: (Check item 1 or 2 below and sign your name beneath the item you have checked, verifying the information you have checked. Failure to check item 1 or 2 and/or not signing item 1 or 2 will make this case subject to dismissal with prejudice.)

[X]    1.    The Plaintiff or Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A)    Are competent under T.C.A. §29-26-115 to express opinion(s) in the case; and

    (B)    Believe, based on the information available from the medical records concerning the care and treatment of Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of T.C.A. §29-26-115.

    s/ Jeffrey S. Rosenblum
    Signature of Plaintiff if not represented, or Signature of Plaintiff's counsel

OR,

[ ]    2.    The Plaintiff or Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that, upon information and belief, they:

  (A) Are competent under T.C.A. §29-26-115 to express opinion(s) in the case; and

  (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of Plaintiff for the incident(s) at issue and, as appropriate, information from Plaintiff or others with knowledge of the incident(s) at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to Plaintiff or Plaintiff's counsel; and that despite the absence of this information, there is a good faith basis for maintaining the action as to each Defendant consistent with the requirements of T.C.A. §29-26-115.  Refusal of Defendant to release the medical records in a timely fashion, or where it is impossible for Plaintiff to obtain the medical records, shall waive the requirement that the expert review the medical records prior to expert certification.

_____
Signature of Plaintiff if not represented, or Signature of Plaintiff's counsel

B. You MUST complete the information below and sign:

I have NOT been found in violation of T.C.A. §29-26-122 at any time.

s/ Jeffrey S. Rosenblum         October 21, 2021
Signature of person executing this document   Date

2